# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN

CHRISTOPHER M. KOSAKOSKI,

    Plaintiff,

  v.                                                        Case No. 20-CV-786

MR. DUPREY,

    Defendant.

## SCREENING ORDER

Plaintiff Christopher M. Kosakoski, an inmate confined at the Oshkosh Correctional Institution, filed a *pro se* complaint under 42 U.S.C. § 1983 alleging that the defendant violated his civil rights. This order resolves Kosakoski's motions for leave to proceed without prepaying the filing fee and for release from the Restricted Housing Unit ("RHU") and screens his complaint.

The court has jurisdiction to resolve Kosakoski's motion to proceed without prepaying the filing fee, to screen the complaint, and to resolve Kosakoski's request for release from the RHU in light of his consent to the full jurisdiction of a magistrate judge and the Wisconsin Department of Justice's limited consent to the exercise of magistrate judge jurisdiction as set forth in the Memorandum of Understanding between the Wisconsin Department of Justice and this court.

*1. Motion for Leave to Proceed without Prepaying the Filing Fee*

The Prison Litigation Reform Act (PLRA) applies to this case because Kosakoski was a prisoner when he filed his complaint. *See* 28 U.S.C. § 1915(h). The PLRA allows the court to give a prisoner plaintiff the ability to proceed with his case without prepaying the civil case filing fee. 28 U.S.C. § 1915(a)(2). When funds exist, the prisoner must pay an initial partial filing fee. 28 U.S.C. § 1915(b)(1). He must then pay the balance of the $350 filing fee over time, through deductions from his prisoner account. *Id.*

On May 26, 2020, I ordered Kosakoski to pay an initial partial filing fee of $2.11. (ECF No. 5.) Kosakoski paid that fee on June 4, 2020. I will grant Kosakoski's motion for leave to proceed without prepaying the filing fee. He must pay the remainder of the filing fee over time in the manner explained at the end of this order.

2. *Screening the Complaint*

    *2.1 Federal Screening Standard*

Under the PLRA, the court must screen complaints brought by prisoners seeking relief from a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The court must dismiss a complaint if the prisoner raises claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b).

In determining whether the complaint states a claim, the court applies the same standard that applies to dismissals under Federal Rule of Civil Procedure

2

12(b)(6). *See Cesal v. Moats*, 851 F.3d 714, 720 (7th Cir. 2017) (citing *Booker-El v. Superintendent, Ind. State Prison*, 668 F.3d 896, 899 (7th Cir. 2012)). To state a claim, a complaint must include "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). The complaint must contain enough facts, accepted as true, to "state a claim for relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows a court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* (citing *Twombly*, 550 U.S. at 556).

To state a claim for relief under 42 U.S.C. § 1983, a plaintiff must allege that someone deprived him of a right secured by the Constitution or the laws of the United States, and that whoever deprived him of this right was acting under color of state law. *D.S. v. E. Porter Cty. Sch. Corp.*, 799 F.3d 793, 798 (7th Cir. 2015) (citing *Buchanan–Moore v. Cty. of Milwaukee*, 570 F.3d 824, 827 (7th Cir. 2009)). The court construes *pro se* complaints liberally and holds them to a less stringent standard than pleadings drafted by lawyers. *Cesal*, 851 F.3d at 720 (citing *Perez v. Fenoglio*, 792 F.3d 768, 776 (7th Cir. 2015)).

*2.2 Kosakoski's Allegations*

Kosakoski alleges that on March 18, 2020, he sent an interview/information request slip to Property Officer Mr. Duprey, the lone defendant in this case, requesting his legal work for his state criminal case #18CF5933. (ECF No. 1 at 2.) Duprey responded the next day that Kosakoski, an inmate in the RHU, was not

3

allowed his legal work because his criminal case was closed. (*Id.*) On March 20, 2020, Kosakoski sent another request for his legal work, noting that he needed it to file a postconviction motion. (*Id.*) Kosakoski also asserted that Duprey was violating Wisconsin Department of Corrections policy 309.20(1)(F) by denying Kosakoski his legal work. (*Id.* at 2–3.) Three days later, Duprey again responded that Kosakoski was not permitted his legal work because his case was not open. (*Id.*)

On April 9, 2020, Kosakoski was released from the RHU to the general population, and he filed an inmate complaint against Duprey for denying him his legal work. (ECF No. 1 at 3.) An institutional complaint examiner (who is not a defendant) rejected Kosakoski's complaint, and the reviewing authority eventually denied Kosakoski's appeal. (*Id.*)

Kosakoski requests that the court order Duprey to provide inmates their legal work when they ask for it. (ECF No. 1 at 5.) He wants Duprey to stop telling inmates, "your case must [be] open to receive your legal paperwork." (*Id.*) He also seeks compensatory damages. (*Id.*)

*2.3 Analysis*

Kosakoski alleges that Duprey deprived him of his property by refusing to give him his legal work, purportedly in violation of Wisconsin law. He cites Wis. Stat. § DOC 309.20(1)(F), but that provision does not exist. It appears he intends to cite § DOC 309.20(3)(F), which provides in part, "The department shall allow an inmate legal materials which are necessary for that inmate's legal actions or the actions of another inmate whom the first inmate is assisting."

4

Claims for deprivation of property are not actionable under § 1983 if adequate state remedies are available to redress the deprivation, even if the property is taken intentionally. *See Hudson v. Palmer*, 468 U.S. 517, 533 (1984); *Parratt v. Taylor*, 451 U.S. 527 (1981), *partially overruled on other grounds by Daniels v. Williams,* 474 U.S. 327, 330–31 (1986); *Mitchell v. Whiteleather*, 248 F.3d 1158, at *1 (7th Cir. 2000) (unpublished). The state of Wisconsin "provides several post-deprivation procedures for challenging the taking of property." *Cole v. Litscher*, 343 F. Supp. 2d 733, 742 (W.D. Wis. 2004) (citing Wis. Const. art. I, § 9; Wis. Stat. §§ 810 and 893). Therefore, Kosakoski's remedy for his taken property lies in state court.

Nor does Kosakoski state a claim against Duprey for violating Wis. Stat. § DOC 309.20(3)(F). Allegations that an official violated state law or departmental regulations or practices do not state a claim under § 1983. *See Swarthout v. Cooke*, 562 U.S. 216, 221–22 (2011); *Tucker v. City of Chicago*, 907 F.3d 487, 494–95 (7th Cir. 2018); *Estate of Simpson v. Gorbett*, 863 F.3d 740, 746 (7th Cir. 2017).

It is possible Kosakoski could be seeking to state a claim that by withholding his legal materials, Duprey denied him access to the court. Prisoners retain a constitutional right of access to the courts. *Bounds v. Smith*, 430 U.S. 817, 821–22 (1977) (citing *Ex Parte Hull*, 312 U.S. 546 (1941)); *see Ortiz v. Downey*, 561 F.3d 664, 671 (7th Cir. 2009). To succeed on a claim that prison officials denied a prisoner access to the courts, the prisoner must show that "the defendants' conduct prejudice[d] a potentially meritorious challenge to the prisoner's conviction, sentence, or conditions of confinement." *Marshall v. Knight*, 445 F.3d 965, 968 (7th Cir. 2006). In addition,

5

the Supreme Court has held that a plaintiff must sufficiently describe the underlying cause of action and its lost remedy. *Christopher v. Harbury*, 536 U.S. 403, 415–16 (2002) (citing *Lewis v. Casey*, 518 U.S. 343, 353 & n.3 (1996)).

Kosakoski alleges that he needed his legal materials to file a postconviction motion. According to the electronic docket in his criminal case, Kosakoski was sentenced and a judgment of conviction was entered on June 27, 2019, which would have closed the case, as Duprey noted. Kosakoski submitted a letter to the state court on March 30, 2020, requesting to reinstate his appellate rights. On April 24, 2020, he submitted a notice of his intent to pursue post-conviction relief. Three days later, the court of appeals denied Kosakoski's request for additional time to file his postconviction motion. *See* https://wcca.wicourts.gov/ (Case No. 2018CF005933).

Although Kosakoski does not allege as much, it is possible he seeks to proceed on a claim that Duprey denying him his legal paperwork inhibited his ability to seek postconviction relief in state court. Under Wisconsin law, however, a defendant must file his intent to seek postconviction relief "[w]ithin 20 days after the date of sentencing or final adjudication." Wis. Stat. 809.30(2)(b). Kosakoski alleges that Duprey denied him his legal materials in March 2020, nearly nine months after entry of judgment in his case. If Kosakoski had properly alleged that Duprey deprived him of accessing the court to file his notice of intent to pursue postconviction relief, the intended notice would have been several months late and not meritorious. Even construing Kosakoski's complaint liberally, he fails to state an access to courts claim.

6

*3. Motion for Order for Release from RHU*

Kosakoski also moves for his release from the RHU. (ECF No. 8.) He alleges that he was placed back in the RHU based on a false claim another inmate filed against him under the Prison Rape Elimination Act. (*Id.* at 1.)

Kosakoski's request is not proper under § 1983, which allows challenges to the conditions of a prisoner's confinement. Kosakoski seeks to contest not the conditions in the RHU but the reason for him being there, an allegedly false inmate complaint. That challenge must be brought in a petition for habeas corpus and not an action under § 1983. *See Edwards v. Balisok*, 520 U.S. 641, 646 (1997); *see also Heck v. Humphrey*, 512 U.S. 477, 481 (1994) (citing *Preiser v. Rodriguez*, 411 U.S. 475, 488–90 (1973)) ("[H]abeas corpus is the exclusive remedy for a state prisoner who challenges the fact or duration of his confinement . . . even though such a claim may come within the literal terms of § 1983."). I will **DENY** his motion for release from the RHU.

**THEREFORE, IT IS ORDERED** that Kosakoski's motion for leave to proceed without prepaying the filing fee (ECF No. 2) is **GRANTED**.

**IT IS FURTHER ORDERED** that Kosakoski's motion for release from the RHU (ECF No. 8) is **DENIED**.

**IT IS FURTHER ORDERED** that this case is **DISMISSED WITH PREJUDICE** under 28 U.S.C. §§ 1915(e)(2)(B) and 1915A(b)(1) because the complaint fails to state a claim.

**IT IS FURTHER ORDERED** that the Clerk of Court document that this inmate has incurred a "strike" under 28 U.S.C. § 1915(g).

**IT IS FURTHER ORDERED** that the agency having custody of Kosakoski shall collect from his institution trust account the $347.89 balance of the filing fee by collecting monthly payments from Kosakoski's prison trust account in an amount equal to 20% of the preceding month's income credited to his trust account and forwarding payments to the Clerk of Court each time the amount in the account exceeds $10 in accordance with 28 U.S.C. § 1915(b)(2). The payments shall be clearly identified by the case name and number assigned to this case. If Kosakoski is transferred to another county, state, or federal institution, the transferring institution shall forward a copy of this Order along with his remaining balance to the receiving institution.

**IT IS FURTHER ORDERED** that a copy of this order be sent to the officer in charge of the agency where Kosakoski is confined.

**IT IS FURTHER ORDERED** that the Clerk of Court enter judgment accordingly.

This order and the judgment to follow are final. A dissatisfied party may appeal this court's decision to the Court of Appeals for the Seventh Circuit by filing in this court a notice of appeal within thirty days of the entry of judgment. *See* Fed. R. of App. P. 3, 4. This court may extend this deadline if a party timely requests an extension and shows good cause or excusable neglect for not being able to meet the thirty-day deadline. *See* Fed. R. App. P. 4(a)(5)(A).

Under limited circumstances, a party may ask this court to alter or amend its judgment under Federal Rule of Civil Procedure 59(e) or ask for relief from judgment under Federal Rule of Civil Procedure 60(b). Any motion under Federal Rule of Civil Procedure 59(e) must be filed within twenty-eight days of the entry of judgment. The court cannot extend this deadline. *See* Fed. R. Civ P. 6(b)(2). Any motion under Federal Rule of Civil Procedure 60(b) must be filed within a reasonable time, generally no more than one year after the entry of the judgment. The court cannot extend this deadline. *See* Fed. R. Civ. P. 6(b)(2).

A party is expected to closely review all applicable rules and determine, what, if any, further action is appropriate in a case.

Dated at Milwaukee, Wisconsin, this 8th day of July, 2020.

**BY THE COURT:**

s/*Nancy Joseph*
Nancy Joseph
United States Magistrate Judge