# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN

---

**CHRISTOPHER M. KOSAKOSKI,**

    Plaintiff,

  v.                                                         **Case No. 20-CV-786**

**MR. DUPREY,**

    Defendant.

---

## ORDER

---

On July 8, 2020, the court screened *pro se* plaintiff Christopher Kosakoski's complaint under 42 U.S.C. § 1983, concluded that he failed to state a claim, dismissed the case, and entered a strike. (ECF No. 9.) Kosakoski moves for reconsideration of that decision. (ECF No. 11.)

Although Kosakoski does not provide the basis for his motion, I will construe it as if brought under Federal Rule of Civil Procedure 59(e). Rule 59(e) allows a party to move to alter or amend a judgment within 28 days of the entry of judgment. A motion under Rule 59(e) may be granted only if a party can "clearly establish" either newly discovered evidence or a manifest error of law of fact warranting relief. *Harrington v. City of Chicago*, 433 F.3d 542, 546 (7th Cir. 2006) (citing *Romo v. Gulf Stream Coach, Inc.*, 250 F.3d 1119, 1122 n. 3 (7th Cir. 2001), and *Bordelon v. Chicago Sch. Reform Bd. of Trs.*, 233 F.3d 524, 529 (7th Cir. 2000)). A "manifest error of law" "is not demonstrated by the disappointment of the losing party. It is the 'wholesale

disregard, misapplication, or failure to recognize controlling precedent.'" *Oto v. Metropolitan Life Ins. Co.*, 224 F.2d 601, 606 (7th Cir. 2000) (quoting *Sedrak v. Callahan*, 987 F. Supp. 1063, 1069 (N.D. Ill. 1997)).

In my screening order, I noted that it was "possible" Kosakoski sought to state a claim that the defendant had denied him access to the courts. (ECF No. 9 at 5.) Kosakoski seizes on the court's analysis and now insists in his motion for reconsideration that he intended to state an access-to-courts claim in his complaint. (ECF No. 11 at 1.) Kosakoski cannot raise issues for the first time in a motion for reconsideration that he could have brought in the complaint. *See Mungo v. Taylor*, 355 F.3d 969, 978 (7th Cir. 2004) (citing *Havoco of Am., Ltd. v. Sumitomo Corp. of Am.*, 971 F.2d 1332, 1336 (7th Cir. 1992)). Nonetheless, I concluded that Kosakoski's allegations failed to state an access-to-courts claim, and he points to nothing suggesting my conclusion was a manifest error of law.

Kosakoski attached a letter dated June 26, 2020, from the Supreme Court of Wisconsin, Office of Lawyer Regulation. (ECF No. 11-1.) The letter addresses a complaint Kosakoski filed against his attorney in his state-court criminal matter, concluding that there is not enough information to proceed on his claim that the attorney violated any rules of professional conduct. (*Id.*) Kosakoski cites that letter as proof his criminal matter was ongoing, and the defendant was wrong to withhold his legal materials related to that case. (ECF No. 11 at 2.) But the letter states that his petition against his attorney remains open (and only for thirty days after the date of the letter), not that his criminal case remains open. In fact, the letter references

2

Kosakoski's letter to the state circuit court requesting that his appeal rights be reinstated. (ECF No. 11-1 at 2.) As I noted in the screening order, Kosakoski was sentenced in his state-court matter on June 27, 2019; and on April 27, 2020, the court of appeals denied him additional time to seek postconviction relief. (ECF No. 9 at 6.) This letter does not affect my conclusion that Kosakoski did not have a meritorious challenge to his conviction pending, so the defendant may not be liable for withholding his legal materials relevant to that challenge. (*Id.* at 5–6.)

Kosakoski asserts that the defendant's actions "caused Plaintiff to file his original claim in the § 1983 format[,] which was not the correct format to do so." (ECF No. 11 at 2.) The problem is not that his § 1983 complaint was the incorrect format in which to bring his claims. The problem is that the allegations in the complaint, even liberally construed, do not state a claim. Nothing in Kosakoski's motion suggests my conclusion was in error. He remains responsible for paying the remainder of the filing fee, and his strike stands.

**IT IS THEREFORE ORDERED** that Kosakoski's motion for reconsideration (ECF No. 11) is **DENIED**.

Dated at Milwaukee, Wisconsin, this 2nd day of September, 2020.

**BY THE COURT:**

s/*Nancy Joseph*
Nancy Joseph
United States Magistrate Judge